USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-11-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA DE LOS ANGELES TORRES,

                            Plaintiff,

- against -

THE UNITED STATES OF AMERICA,

                            Defendant.

---

**OPINION AND ORDER**

**09 Civ. 5092 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff Maria De Los Angeles Torres ("Torres"), filed a Complaint on June 1, 2009, seeking damages from Defendant United States Postal Services ("the Government"), pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 (2006). Torres alleges that the Government is liable for the injuries she sustained from slipping and falling while in a United States Post Office located at 4165 White Plains Road, Bronx, New York ("Wakefield Station"). Specifically, she alleges the Government is chargeable with constructive notice of the dangerous condition that caused the accident. This case is before this Court as the parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On December 28, 2010, this Court denied the Government's Motion for Summary Judgment. Since then, additional discovery has been conducted, and the Government has filed a Renewed Motion for Summary Judgment. For the following reasons, the Motion is **GRANTED**.

## II. BACKGROUND

The relevant facts as determined prior to the additional discovery are set forth in the Opinion deciding the original motion, and will only be summarized here. (*See* Op. and Order Den. Mot. for Summ. J. ("Op. and Order"), Dec. 28, 2010, Doc. No. 31.) On June 1, 2007, at approximately 10:00 a.m., Torres and her mother, Maricelis Ramirez ("Ramirez"), entered the Wakefield Station to pick up three social security checks. (Mem. of Law in Supp. of Def. Mot. for Summ. J. ("Def. Memo") 3, June 24, 2010). There are two staircases in the foyer of the station which lead to the main customer service lobby area. As she descended the right staircase, Torres's sandal got "stuck" on a substance on the staircase, which she believes to have been "either a melted Icee or melted rubbery candy." (*Id.* at 4). Torres fell and broke her right ankle. (*Id.* at 5). The lobby had been inspected at around 8:00 a.m. by United States Postal Service ("USPS") employees Horace Nelson and Terry Pauls. (Dep. Of Horace Nelson ("Nelson Dep.") at 19-26; Dep. of Terry Pauls ("Pauls Dep.") at 17.) Nelson was required to conduct a second inspection of the lobby area before the 10:00 a.m. shift began. (Pauls Dep. 19–20.)

Subsequent to the denial of Defendants' motion, Torres conducted the deposition of Terrence Dawson. On the day of the incident, Dawson was a custodian with the USPS and was stationed at the Wakefield Station on the 10:00 a.m. to 7:00 p.m. shift. (Pauls Dep. 12; Nelson Dep. 44.) As with Nelson, Dawson was supposed to inspect the lobby area at the start of his shift. (*Id.* 35.) Dawson testified that he inspected the stairs and the lobby area twice, once around 10:00 a.m. and then again around 10:20 a.m. (Dep. of

Terrence Dawson ("Dawson Dep.") 17-19, 32-33.) He did not observe any substance resembling the one described by Torres. (*Id.* 42.)

### III. DISCUSSION

#### A. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if it determines that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Under this standard, summary judgment is proper if "viewing the record in the light most favorable to the nonmoving party, the evidence offered demonstrates that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law." *Pension Benefit Guar. Corp. v. LTV Corp.*, 875 F.2d 1008, 1015 (2d Cir. 1989) (internal quotations omitted), *rev'd on other grounds*, 496 U.S. 633 (1990). In making this determination, the court does not resolve disputed factual issues, but reaches a conclusion as to whether there exists "a genuine and material issue for trial." *Hudson Hotels Corp. v. Choice Hotels Int'l*, 995 F.2d 1173, 1175 (2d Cir. 1993). An issue of fact is "genuine" if it provides a basis for "a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate where no reasonable trier of fact could find in favor of the nonmoving party, *H. L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989), thereby "dispos[ing] of meritless claims before becoming entrenched in a frivolous and costly trial." *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987).

3

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568 (2d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). This burden may be met by demonstrating that there is a lack of evidence to support the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party satisfies this initial burden, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "[T]he mere existence of factual issues -- where those issues are not material to the claims before the court -- will not suffice to defeat a motion for summary judgment." *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985). If the nonmoving party fails to respond by "affidavits or as otherwise provided in [Rule 56, and] set forth specific facts showing that there is a genuine issue for trial[,] . . . summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e).

## B. The Evidence Shows that the Government Cannot be Charged With Having Constructive Notice of the Substance

The issue before the Court in this motion is whether, on the record as it exists, the substance, if it existed, was on the floor for a sufficient length of time to charge the Government with constructive notice. Under the FTCA, the law of the state where the cause of action occurred is the law that governs the claim. *See* 28 U.S.C. § 2674. New York negligence law therefore governs. To establish a prima facie case of negligence in New York, the plaintiff must show (1) a duty owed to the plaintiff by the defendant, (2) breach of that duty, and (3) the injury was proximately caused by that breach. *See Solomon v. New York City*, 66 N.Y.2d 1026, 1027 (1985).

4

Under New York common law, landlords or owners of a property, commercial or residential, have an obligation to maintain the common areas in a reasonably safe condition and have a duty to use reasonable care to inspect and repair common areas. *Williams v. Matrix Fin. Serv.*, 158 Fed. Appx. 301, 303 (2d Cir. 2005); *Wynn ex rel Wynn v. T.R.I.P Redevelopment Assocs.*, 296 A.D.2d 176, 181 (3d Dep't 2002). The adequacy and frequency of the owner's inspection is not for the Court to decide on summary judgment but is an inquiry reserved for after all the evidence has been presented. *See Touri v .Zhagui*, 2010 U.S. Dist. Lexis 20112 at *8 (S.D.N.Y. Mar. 5, 2010) ; *Wynn,* 296 A.D.2d at 181.

Before a plaintiff can recover damages, he or she must establish that the landowner created or had either actual or constructive notice of the hazardous condition that precipitated the injury. *Dinunzio v. Ken-Ji Elec. Contractors Inc.*, 473 F. Supp. 2d 485, 488 (S.D.N.Y. (2007). "To constitute constructive notice a defect must be visible and apparent and exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Benware v. Big V Supermarkets Inc.*, 177 A.D.2d 846, 847 (3d Dep't 1991) (*quoting Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837( 1986)). A landowner is chargeable with constructive notice of a dangerous condition that a reasonable inspection would have discovered. *St. Paul Fire & Marine Ins. Co v. T.A.G 380 L.L.C.*, 2007 U.S. Lexis 74112 (S.D.N.Y. Sept. 27, 2007); *Wynn,* 296 A.D.2d at 181.

In deciding the previous motion for summary judgment, this Court ruled that the combination of Torres's description of the substance and the lack of evidence of a recent inspection of the area were sufficient to create an issue of material fact related to

constructive notice. This decision was based in part on the finding that "Dawson was never deposed and the record does not indicate that he conducted an inspection of the area prior to the accident." (Op. and Order Den. Mot. for Summ. J. ("Op. and Order") at 8, Dec. 28, 2010, Doc. No. 31.)

As this Court recognized in deciding the previous motion, New York courts have consistently held that plaintiffs' description of a dangerous substance alone are not sufficient to establish the defendants' constructive notice. *See, e.g., Berg v. Wegmans Food Mkts. Inc.*, 242 A.D.2d 861 (4th Dep't 1997) (finding plaintiff's description of substance without more was not enough to establish constructive notice); *Robinson v. Walt-Mart Stores*, 37 F. Supp. 2d 605, 607 (W.D.N.Y. 1999) *aff'd*, 242 F.3d 367 (2d Cir. 2000) (finding plaintiff did not present any evidence the defendant knew or should have known the liquid was on the floor. The plaintiff's description alone was not sufficient to establish the substance was present long enough to charge constructive notice); *Bykofsky v. Waldbaums Supermkts Inc.*, 210 A.D.2d 280, 281 (finding the plaintiff's description alone was not enough and there was an "absence of evidentiary facts from which a jury could infer constructive notice from the amount of time the dangerous condition existed"); *Baxter v. Jackson Terrace Assocs.*, 43 A.D.3d 968, 969 (2d Dep't 2007) (finding the only evidence presented was the plaintiff's description of the substance, which was not enough to survive summary judgment). The Court found those cases to be distinguishable from the one at bar because in those cases the plaintiff's description of the substance was the only evidence used to establish the length of time the dangerous condition existed, whereas, as the evidence then stood, it appeared that the area was not inspected for almost three hours prior to the accident. The Court concluded that "Torres's

Case 1:09-cv-05092-RLE   Document 42   Filed 04/11/11   Page 7 of 7

description of the substance combined with evidence the area was not inspected for a number of hours is enough to survive the Government's motion for summary judgment." (Op. and Order at 11.)

Now the Government has presented evidence that shows that the area was inspected approximately twenty minutes before the accident occurred and that there was no substance visible at that time. Under New York law, this evidence is sufficient to show that the Government lacked constructive notice of the defect. *See, e.g., Slintak v. Price Chopper Supermarkets*, 916 N.Y.S.2d 528 (N.Y. App. Div. 2011) (no constructive notice where defendant's employee had inspected floor 15 minutes before accident); *Van Winkle v. Price Chopper Operating Co.*, 239 A.D.2d 692 (N.Y. App. Div. 1997) (no constructive notice where floor had been inspected 30-45 minutes before accident); *Santora v. Golub Corp.*, 245 A.D.2d 693 (N.Y. App. Div. 1997) (no constructive notice where employee inspected area every half hour).

## IV. CONCLUSION

For the reasons set forth above, the Government's Renewed Motion for Summary Judgment is **GRANTED** and the case is dismissed.

**SO ORDERED this 11th day of April 2011**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**